**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | |
|    CATHERINE L. ROBERTSON | : Bankruptcy No. 13-13925 REF | |
|    aka CATHERINE L. WEITZEL | : | |
| | : Chapter 13 | |
|                 Debtor | : | |
| | : | |
| MARK B. WEITZEL | : | Adversary No. 13-519 |
|                 Plaintiff | : | |
| v. | : | |
| CATHERINE L. ROBERTSON | : | |
| aka CATHERINE L. WEITZEL | : | |
|                 Defendant | : | |

**MOTION OF DEFENDANT TO DISMISS ADVERSARY PROCEEDING**

Catherine L. Robertson, the Defendant in the above-captioned adversary proceeding, by and through her attorney, David S. Gellert, Esquire, of David S. Gellert, P.C., hereby files her Motion to Dismiss Adversary Proceeding and in support thereof states the following:

    1.  The Defendant filed her chapter 13 bankruptcy proceeding on May 1, 2013 and docketed to the above case number.

    2.  The Debtor's Chapter 13 Plan was confirmed by this Court's Order dated October 10, 2013.

    3.  On October 4, 2013, the Plaintiff filed the instant adversary proceeding seeking to object to the discharge of his claim in the bankruptcy proceeding.

4. On October 4, 2013, the Plaintiff filed a general unsecured claim in the bankruptcy proceeding in the amount of $24,400.00 (No. 7 on the claims register).

5. The Defendant's confirmed Chapter 13 Plan provides for a pro rata distribution to all general unsecured claims. The Plaintiff did not object to confirmation of the Debtor's Chapter 13 Plan.

6. In Paragraphs 11 and 12 of the Plaintiff's Complaint in the adversary proceeding, the Plaintiff relies as legal authority for his relief requested on §523(a)(15) of the Bankruptcy Code.

7. On October 31, 2013, the Defendant filed her Answer to the adversary proceeding denying that the debt is non-dischargeable and in support thereof the Defendant asserts §1328(a)(2) of the Bankruptcy Code.

8. The Defendant believes and therefore avers that Plaintiff's reliance upon §523(a)(15) of the Bankruptcy Code is misplaced and incorrect, as §523(a)(15) incorporates by reference §1328(b) of the Bankruptcy Code which does not apply in the instant proceeding.

9. On the contrary, the Defendant in her Answer to the Complaint relies on §1328(a)(2) which is the applicable statute.

10. The Defendant believes and therefore avers that the debt is dischargeable under §1328(a)(2), and as such, the adversary proceeding should be dismissed.

WHEREFORE, the Defendant requests that this Court enter its order similar to the form attached hereto dismissing the adversary proceeding.

        Respectfully submitted,

Dated:  November 4, 2013              s/   David S. Gellert
        David S. Gellert, Esquire
        Attorney for Debtor
        3506 Perkiomen Avenue
        Reading, PA 19606
        (610) 779-8000
        Fax: (610) 370-1393