UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| CATHERINE L. ROBERTSON | : | Chapter 13 |
| a/k/a CATHERINE L. WEITZEL, | : | Case No. 13-13925REF |
| Debtor | : | |
| | : | |
| MARK B. WEITZEL, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 13-0519 |
| | : | |
| CATHERINE L. ROBERTSON | : | |
| a/k/a CATHERINE L. WEITZEL, | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 6 day of November, 2013, upon my consideration of the Complaint filed by Plaintiff, the Answer thereto filed by Defendant, and the Motion of Defendant to Dismiss Adversary Proceeding, which I shall treat as a Motion for Judgment on the Pleadings,[1] and it appearing from a review of Defendant's Answer and Motion and the docket of Defendant's main bankruptcy

---

[1] Because the Motion was filed after the pleadings were closed, it is more appropriately labeled a Motion for Judgment on the Pleadings. See Fed. R. Civ. P. 12(c), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b).

case, docketed at Case No. 13-13925REF, that Defendant is seeking a discharge under 11 U.S.C. §1328(a)(2),

And upon my finding that Plaintiff's Complaint, which purports to have the debt owed to him by Defendant found nondischargeable under 11 U.S.C. §523(a)(15), must be dismissed because debts of the type set forth in section 523(a)(15) are automatically discharged in a chapter 13 case in which the debtor is granted a discharge under section 1328(a)(2), Collier on Bankruptcy, 16th Ed., ¶523.23 at p. 523-126.

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings is GRANTED and the Complaint is hereby DISMISSED.[2]

BY THE COURT

RICHARD E. FEHLING
United States Bankruptcy Judge

---

[2] Plaintiff's Complaint also alleges that the debt must be found nondischargeable because the parties' Post-Nuptial Agreement contains a provision which provides that "[n]o obligation created by this Agreement shall be discharged or dischargeable, regardless of federal or state law to the contrary, and each party waives any and all right to assert that any obligation hereunder is discharged or dischargeable." Post-Nuptial Agreement dated May 14, 2008, attached to Complaint as Exhibit A, at ¶29. This provision is clearly unenforceable because a debtor cannot waive his or her right to a discharge. Any provision in a contract that purports to waive a debtor's right to receive a discharge is therefore unenforceable. Cheripka v. Republic Ins. Co. (In re Cheripka), No. 91-3429, 1991 WL 276289, at *5 (3d Cir. Dec. 31, 1991).